UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FANNIE MAE,<br>    Plaintiff<br><br>v.<br><br>BRIDGE STREET EQUITIES LLC,<br>MOSHE WOLCOWITZ,<br>ARON WOLCOWITZ and<br>BARUCH ISRAEL,<br>    Defendants<br><br>v.<br><br>WESTCHESTER FIRE INSURANCE<br>COMPANY,<br>    Reach and Apply Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT

### INTRODUCTION

1. This is an action to recover personally against the defendants for waste and abandonment under a Multifamily Note and Guaranty, and to reach and apply insurance proceeds.

### PARTIES, JURISDICTION AND VENUE

2. The plaintiff, Fannie Mae, is a corporation chartered by the United States pursuant to 12 U.S.C. §1717 et seq. Fannie Mae maintains its principal office in the District of Columbia.

3. The defendant, Bridge Street Equities LLC ("BSE"), upon information and belief, is a Massachusetts limited liability company with a place of business at 510 South Bridge Street, Holyoke, Hampden County, Massachusetts.

4. The defendant, Moshe Wolcowitz, upon information and belief, is an individual with residence in the state of New York and is a member or manager of BSE.

5. The defendant, Aron Wolcowitz, upon information and belief, is an individual with residence in the state of New York and is a member or manager of BSE.

6. The defendant, Baruch Israel, upon information and belief, is an individual with residence in the state of New York and is a member or manager of BSE.

7.  All of the above defendants have consented to personal jurisdiction and venue in this court pursuant to the provisions in the loan documents set forth and attached as exhibits hereto and referenced further herein.

8.  The reach and apply defendant, Westchester Fire Insurance Company, a Chubb company ("Westchester"), upon information and belief, is a Pennsylvania corporation with a place of business at 436 Walnut Street, Philadelphia, Pennsylvania. Upon further information and belief, Westchester is subject to jurisdiction in this court, pursuant to G. L. c. 223A, section 3, arising from its transacting business, and insuring property, in Massachusetts.

9.  Jurisdiction exists in this Court pursuant to 28 U.S.C. §1332.

## FACTUAL ALLEGATIONS

### (i) The Loan Documents.

10. On or about January 26, 2018, BSE purchased and acquired title to a certain multifamily apartment building located at 510 South Bridge Street, Holyoke, Massachusetts (the "Property"). In connection therewith, BSE obtained financing through a loan from Hunt Mortgage Capital, LLC ("Hunt") in the amount of $780,000, secured by a first mortgage lien on the Property.

11. As a condition and requirement of such financing and loan, BSE and its principals, Moshe Wolcowitz, Aron Wolcowitz and Baruch Israel executed a series of loan documents including the following referenced Note, Mortgage, Guaranty and Loan Agreement (collectively the "Loan Documents"). Fannie Mae, by subsequent assignment from Hunt, is the present holder of each of the Loan Documents and is entitled to enforce the, according to their terms and conditions.

12. The Multifamily Note ("Note"), executed by BSE, in the principal amount of $780,000 provides, *inter alia*, as follows:

> 5. Personal Liability.
>
> The provisions of Article 3 (Personal Liability) of the Loan Agreement are hereby incorporated by reference into this Note to the same extent and with the same force as if fully set forth herein.
>
> 6. Governing Law.
>
> This Note shall be governed in accordance with the terms and provisions of Section 15.01 (Governing Law; Consent to Jurisdiction and Venue) of the Loan Agreement.

A copy of the Multifamily Note is attached as Exhibit "A" and is incorporated herein by reference.

{K0790672.2}                                    2

13. The Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing ("Mortgage"), executed by BSE, covering the Property is recorded at Book 22040, Page 345 in the Hampden County Registry of Deeds. A copy of the Mortgage is attached as Exhibit "B" and is incorporated herein by reference.

14. The Guaranty of Non-Recourse Obligations ("Guaranty") executed by each of Moshe Wolcowitz, Aron Wolcowitz and Baruch Israel, provides, *inter alia*, as follows:

> 3. Guaranteed Obligations.
>
> Guarantor hereby absolutely, unconditionally and irrevocably guarantees to Lender the full and prompt payment and performance when due, whether at maturity or earlier, by reason of acceleration or otherwise, and at all times thereafter, of:
>
> (a) all amounts, obligations and liabilities owed to Lender under Article 3 (Personal Liability) of the Loan Agreement (including the payment and performance of all indemnity obligations of Borrower described in Section 3.03 (Personal Liability for Indemnity Obligations) of the Loan Agreement and including all of Borrower's obligations under the Environmental Indemnity Agreement); and
>
> (b) all costs and expenses, including reasonable fees and out-of-pocket expenses of attorneys and expert witnesses, incurred by Lender in enforcing its rights under this Guaranty.
>
> 5. Guaranty of Payment; Community Property.
>
> Guarantor's obligations under this Guaranty constitute a present and unconditional guaranty of payment and not merely a guaranty of collection. If Guaranty (or any Guarantor, if more than one) is a married person, and the state of residence of Guarantor or Guarantor's spouse is a community property jurisdiction, Guarantor (or each such married Guarantor, if more than one) agrees that Lender may satisfy Guarantor's obligations under this Guaranty to the extent of all Guarantor's separate property and Guarantor's interest in any community property.

15. In addition, the Guaranty further provides:

> 8. Guarantor Waivers.
>
> Guarantor hereby waives:
>
> (d) all rights to require Lender to:
>
> > (1) proceed against or exhaust any collateral held by Lender to secure the repayment of the Indebtedness;

{K0790672.2}                                3

>> (2) proceed against or pursue any remedy it may now or hereafter have against Borrower or any guarantor, or, if Borrower or any guarantor is a partnership, any general partner of Borrower or general partner of any guarantor; or
>
> (3) demand or require collateral security from Borrower, any other guarantor or any other Person as provided by applicable law or otherwise.
>
> 20. Property Jurisdiction.
>
> Guarantor agrees that any controversy arising under or in relation to this Guaranty shall be litigated exclusively in the Property Jurisdiction. The state and federal courts and authorities with jurisdiction in the Property Jurisdiction shall have exclusive jurisdiction over all controversies which shall arise under or in relation to this Guaranty or any other Loan Document with respect to the subject matter hereof. Guarantor irrevocably consents to service, jurisdiction and venue of such courts for any such litigation and waives any other venue to which it might be entitled by virtue of domicile, habitual residence or otherwise.

A copy of the Guaranty is attached as Exhibit "C" and is incorporated herein by reference.

16. The Multifamily Loan and Security Agreement ("Loan Agreement"), executed by BSE, provides, *inter alia*:

> Section 3.02 Personal Liability of Borrower (Exceptions to Non-Recourse Provision).
>
> (a) Personal Liability Based on Lender's Loss.
>
> Borrower shall be personally liable to Lender for the repayment of the portion of the Indebtedness equal to any loss or damage suffered by Lender as a result of, subject to any notice and cure period, if any:
>
> (6) waste or abandonment of the Mortgaged Property;
>
> Section 3.04 Lender's Right to Forego Rights Against Mortgaged Property.
>
> To the extent that Borrower has personal liability under this Loan Agreement or any other Loan Document, Lender may exercise its rights against Borrower personally to the fullest extent permitted by applicable law without regard to whether Lender has exercised any rights against the Mortgaged Property, the UCC Collateral, or any other security, or pursued any rights against Guarantor, or pursued any other rights available to Lender under this Loan Agreement, any other Loan Document, or

    applicable law. For purposes of this Section 3.04 only, the term "Mortgaged Property" shall not include any funds that have been applied by Borrower as required or permitted by this Loan Agreement prior to the occurrence of an Event of Default, or that Borrower was unable to apply as required or permitted by this Loan Agreement because of a Bankruptcy Event. To the fullest extent permitted by applicable law, in any action to enforce Borrower's personal liability under this Article 3, Borrower waives any right to set off the value of the Mortgaged Property against such personal liability.

A copy of the Loan Agreement is attached as Exhibit "D" and is incorporated herein by reference.

17. Hunt subsequently assigned and delivered, *inter alia,* the above Note, Mortgage, Guaranty and Loan Agreement to Fannie Mae, which is now the lawful holder and entitled to enforce the rights and remedies thereunder.

                        (ii) <u>Liability for Waste and Abandonment</u>.

18. On or about October 1, 2018, as a result of a fire and resulting damage and unsafe conditions at the Property, officials of the City of Holyoke ("City") issued an Order of Condemnation of the Property, which required, *inter alia,* that all occupants vacate the Property. A copy of the City's Order of Condemnation is attached as Exhibit "E".

19. Subsequent to the Order of Condemnation from the City, BSE has failed to take the requisite actions to rehabilitate the Property in order to make it habitable for tenants in compliance with applicable safety and health code requirements.

20. Instead, in violation of their obligations under the Loan Documents, the defendants have effectively boarded up the building, refused to personally fund the repairs required by the City and its officials, and defendants have effectively abandoned any responsibility for the Property, which actions and omissions constitute waste and abandonment.

21. By letter dated February 28, 2019, Fannie Mae notified BSE that one or more Events of Default had occurred under the Loan Documents, and that the indebtedness under the Note had been accelerated and was now due and payable. Demand was made for payment. A copy of the Demand Letter is attached as Exhibit "F". The defendants, however, have not paid off the indebtedness which is now due in full, and have also ceased making monthly mortgage payments under the Loan Documents.

22. In addition, the City filed a Petition with the Housing Court, arising from the abandonment of the Property, which Defendants did not oppose, resulting in an Order Appointing a Receiver for the Property, dated July 24, 2019. A copy of the Order is attached as Exhibit "G". Photographs of the current state of the abandoned, boarded up Property are attached as Exhibit "H".

23. As of June 28, 2019, the following amounts were due and owing under the Note, Guaranty and Loan Agreement:

| | |
|---|---|
| Principal Balance | $767,836.44 |
| Interest due 3/1/19 thru 6/30/19 | $13,010.56 |
| Default Interest 4/1/19 thru 6/28/19 | $7,593.04 |
| Prepayment Premium Due | $76,783.64 |
| Legal Fees & Costs | $28,615.00 |
| Broker's Price Opinion | $1,750.00 |
| Property Condition Assessment | $2,300.00 |
| Less Tax Escrow Funds | ($383.53) |
| Less Insurance Escrow Funds | ($6,863.80) |
| Less Replacement Reserve Funds | ($6,773.30) |
| Less 4/1/19 Payment Received | ($6,807.70) |
| Total Amount Due | $877,060.35 |

## COUNT I
### (Note)

24. Fannie Mae realleges and incorporates by reference the allegations contained in paragraphs 1-23 above.

25. BSE is in default under the Note and Loan Agreement and is personally liable to Fannie Mae for all loss and damages suffered as a result of BSE's waste and abandonment of the Property.

26. Fannie Mae is entitled to judgment against BSE in an amount to be determined by the court, including attorneys' fees and costs.

## COUNT II
### (Guaranty)

27. Fannie Mae realleges and incorporates by reference the allegations contained in paragraphs 1-26 above.

28. Each of Moshe Wolcowitz, Aron Wolcowitz and Baruch Israel are jointly and personally liable to Fannie Mae under the terms of the Guaranty for all loss and damages suffered as a result of the waste and abandonment of the Property.

29. Fannie Mae is entitled to judgment against each of Moshe Wolcowitz, Aron Wolcowitz and Baruch Israel, jointly and severally, in an amount to be determined by the court, including attorneys' fees and costs.

## COUNT III
### (Reach and Apply Insurance Proceeds)

30. Fannie Mae realleges and incorporates by reference the allegations contained in paragraphs 1-29 above.

31. Upon information and belief, BSE has submitted claims and is seeking to recover proceeds and monies from Westchester under an insurance policy which may provide coverage for the losses and damage sustained by the Property as a result of the fire.

32. Fannie Mae is entitled, pursuant to Mass. G.L. c. 214, section 3, to reach and apply such monies owed from Westchester to BSE to be applied in satisfaction of the indebtedness owed by BSE to Fannie Maw as set forth herein.

33. Fannie Mae is, therefore, entitled to judgment, including appropriate injunctive relief and orders, reaching and applying such monies or insurance proceeds in satisfaction of the outstanding indebtedness owed by defendants to Fannie Mae.

WHEREFORE, Fannie Mae demands judgment in its favor.

Respectfully submitted,

FANNIE MAE,

By its attorney,

_____
Lawrence R. Kulig (BBO# 544656)
Eckert Seamans Cherin & Mellott, LLC
Two International Place, 16th Floor
Boston, MA 02110
Tel: (617) 342-6875
Fax: (617) 342-6899
Email: lkulig@eckertseamans.com

Dated: August 2, 2019

## VERIFICATION

I, Carol S. King, hereby attest and verify that the foregoing is true to the best of my knowledge and belief. Signed under the penalties of perjury this 2nd day of August, 2019.

FANNIE MAE,

By: Carol S. King, Asset Manager

{K0790672.2}